IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KEVIN SCOTT NUTTER,**

    **Plaintiff,**

v.                                            Civ. Action No. 1:19-CV-70
                                                              (Kleeh)

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 21], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12]**

Pending before the Court is a Report and Recommendation ("R&R") from United States Magistrate Judge Robert W. Trumble (the "Magistrate Judge"). For the reasons discussed herein, the Court adopts the R&R.

## I. PROCEDURAL HISTORY

On May 2, 2018, an Administrative Law Judge ("ALJ") denied a request by the Plaintiff, Kevin Scott Nutter ("Plaintiff"), for social security benefits. The ALJ found that Plaintiff could perform his past relevant work as a gas dispatcher and was not, therefore, disabled. On April 1, 2019, Plaintiff filed a Complaint in this Court against the Defendant, the Commissioner of Social Security ("Defendant"), challenging the ALJ's decision. Defendant filed an Answer on June 12, 2019. The Magistrate Judge set a

Case 1:19-cv-00070-TSK-RWT Document 23 Filed 09/14/20 Page 2 of 12 PageID #: 885

NUTTER V. COMMISSIONER OF SOCIAL SECURITY                    1:19-CV-70

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 21], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12]**

briefing schedule and set a hearing. The parties filed cross motions for summary judgment, and the Magistrate Judge heard oral arguments on September 25, 2019. He entered the R&R on October 21, 2019. Plaintiff objected to the R&R, and Defendant filed a Response to the Objections.

## II.   STANDARDS OF REVIEW

### A.   The R&R

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### B.   The ALJ's Decision

The scope of review for an administrative finding is limited to whether the ALJ applied the proper legal standards and supported the factual findings with substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that

Case 1:19-cv-00070-TSK-RWT   Document 23   Filed 09/14/20   Page 3 of 12 PageID #: 886

**NUTTER V. COMMISSIONER OF SOCIAL SECURITY**                     **1:19-CV-70**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 21], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12]**

which a "reasonable mind might accept as adequate to support a conclusion." Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1961) (internal quotations omitted)). The evidentiary standard "is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). It is only "more than a mere scintilla." Id. (quotation omitted). When determining whether substantial evidence exists, a court must "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).

### III. R&R

In the R&R, the Magistrate Judge recommends that the Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment. The Magistrate Judge conducts a thorough analysis of the parties' motions, ultimately finding that the ALJ's decision contains no legal error and is supported by substantial evidence.

### IV. OBJECTIONS

Plaintiff objects to three portions of the R&R:

1. The Magistrate Judge's "speculat[ion] that the Administrative Law Judge would have come to the same finding of fact concerning Mr. Nutter's limitations in using the left hand had the Administrative Law Judge correctly determined that Mr. Nutter's left hand was atrophied";

**NUTTER V. COMMISSIONER OF SOCIAL SECURITY**                              **1:19-CV-70**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 21], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12]**

    2.    The Magistrate Judge's finding "that the ALJ used Dr. Lateef's assessment in fashioning Plaintiff's residual functional capacity when concluding that Mr. Nutter was restricted from *constant* fine manipulation with the left hand even though Dr. Lateef found that Mr. Nutter could not perform even frequent fine manipulation"; and

    3.    The Magistrate Judge's finding "that the ALJ resolved the conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles concerning how much fingering as required to perform the claimant's past relevant work as a gas dispatcher, as required by Social Security Ruling 00-4p, although there is nothing in the Administrative Law Judge's decision to suggest that she did resolve that conflict."

ECF No. 21 at 1-2.

### V.  DISCUSSION

After reviewing for clear error and finding none, the Court incorporates by reference all portions of the R&R to which no objection was made, including the Magistrate Judge's statement of the five-step sequential process applied by an ALJ. As discussed above, the Court will review de novo the portions of the R&R to which Plaintiff objected.

    **1.    Objection #1: Left-Hand Atrophy**

Case 1:19-cv-00070-TSK-RWT   Document 23   Filed 09/14/20   Page 5 of 12 PageID #: 888

**NUTTER V. COMMISSIONER OF SOCIAL SECURITY                    1:19-CV-70**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 21], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12]**

Plaintiff argues that the Magistrate Judge speculated in finding that the ALJ would have reached the same factual finding concerning Plaintiff's limitations with his left hand had the ALJ determined in Step Two that Plaintiff's left hand was atrophied. In Step Two, the ALJ considers the severity of the medical impairment. Only a de minimus threshold is required before moving to Step Three. Woodson v. Berryhill, No. 3:17-CV-347, 2018 WL 4659449, at *4 (E.D. Va. Aug. 7, 2018), *report and recommendation adopted*, 2018 WL 4658681 (Sept. 27, 2018). District courts within the Fourth Circuit have found that "an ALJ does not commit reversible error by omitting an impairment at step two, so long as the ALJ considers the impairment in subsequent steps." See id.

Here, during the ALJ's Step Two determination, the ALJ did not discuss Plaintiff's left-hand atrophy. The ALJ still found severe impairments that warranted proceeding to Step Three, including status post total arthroplasty of the left knee; right hip total replacement; degenerative disc disease of the lumbar spine; degenerative disc disease of the cervical spine; status post fusion at C6-7; early degenerative disc disease with disc bulge at T4-5, with dropped head syndrome; chronic pain and myalgias; osteoarthritis of the right knee; and generalized polyneuropathy. R. 19.

Case 1:19-cv-00070-TSK-RWT   Document 23   Filed 09/14/20   Page 6 of 12   PageID #: 889

**NUTTER V. COMMISSIONER OF SOCIAL SECURITY                1:19-CV-70**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 21], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12]**

Further, the ALJ considered the left-hand atrophy during later steps. R. 22-30. The ALJ considered the left-hand atrophy when establishing Plaintiff's residual functional capacity and Plaintiff's ability to perform work as a gas dispatcher. Id. She considered Plaintiff's testimony about his left-hand issues, specifically his significant grip issues, his inability to feel hot and cold, and his lack of full feeling in the hand. Id. While recognizing Plaintiff's alleged debilitating pain and functional hand difficulties, the ALJ also found that Plaintiff still reported the ability to drive, use a computer, feed pets, cook meals, and perform house work with his hands. Id.

By identifying several other severe impairments, the ALJ met the de minimus threshold required to move to Step Three of the analysis. She then discussed the left-hand atrophy during later steps. For these reasons, the Magistrate Judge did not err in concluding that it was harmless to leave the left-hand atrophy out of Step Two and that it did not impact the overall disability determination. The Court overrules this objection.

2.  **Objection #2: Dr. Lateef**

Plaintiff contends that the ALJ did not provide explanation for the implicit rejection of Dr. Lateef's medical testimony and that the Magistrate Judge erred in finding that the ALJ's

Case 1:19-cv-00070-TSK-RWT   Document 23   Filed 09/14/20   Page 7 of 12 PageID #: 890

**NUTTER V. COMMISSIONER OF SOCIAL SECURITY**                1:19-CV-70

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 21], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12]**

determination of residual functional capacity ("RFC") was supported by substantial evidence.

At Step Three, the ALJ considers the opinions and testimony of medical professionals to determine the medical severity of the impairments and the RFC. Bonvillain v. Berryhill, No. 1:18-cv-978, 2019 WL 1232840, at *3 (E.D. Va. Mar. 15, 2019). The ALJ must "weigh and evaluate every medical opinion in the record." Monroe v. Comm'r of Soc. Sec., No. 1:14CV48, 2015 WL 4477712, at *7 (N.D.W. Va. July 22, 2015).

The ALJ should give more weight to the opinions of treating sources and examining sources, as opposed to non-treating and non-examining sources. Graham v. Berryhill, No. 7:18-CV-22-FL, 2019 WL 1272545, at *4 (E.D.N.C. Jan. 10, 2010), *report and recommendation adopted*, 2019 WL 1270933 (E.D.N.C. Mar. 19, 2019). The ALJ should consider the following factors when determining the weight given to different medical opinions: "(1) examining relationship, (2) treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) any other factors that tend to support or contradict the medical opinion." Bonvillain, 2019 WL 1232840, at *3. The ALJ is not required to explicitly weigh all of the factors; she is required only to provide reasons for her findings. Id. at *9.

**NUTTER V. COMMISSIONER OF SOCIAL SECURITY                  1:19-CV-70**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 21], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12]**

The treating physician's opinion should be given "great weight and may be disregarded only if persuasive contradictory evidence exists to rebut it." Monroe, 2015 WL 4477712, at *29 (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). This is because "it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Id. (quoting Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983)). The opinions of the treating physician or other governmental entities are not binding. Id. The ALJ's determination of the weight of certain medical opinions should not be disturbed, so long as sufficient reason is provided. Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015).

Here, Dr. Lateef's medical opinion was that Plaintiff could not perform "frequent" fine manipulation with his left hand. R. 98. The ALJ, however, determined that Plaintiff could not perform "constant" fine manipulation. R. 22. In support of this finding, first, the ALJ reasoned that Dr. Lateef was not a treating physician or an examining physician. R. 29. Rather, Dr. Lateef was a "non-examining State Agency physician" and had not reviewed the entire record presented at the hearing level. Id. In addition, other medical opinions and Plaintiff's Function Report were

Case 1:19-cv-00070-TSK-RWT   Document 23   Filed 09/14/20   Page 9 of 12   PageID #: 892

**NUTTER V. COMMISSIONER OF SOCIAL SECURITY                         1:19-CV-70**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 21], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12]**

inconsistent with Dr. Lateef's opinion regarding the hand manipulation. R. 24-25, 27, 29.

For these reasons, the Magistrate Judge did not err in finding that the ALJ properly weighed the medical opinions and provided substantial evidence to justify giving Dr. Lateef's opinion less weight. This objection is overruled.

### 3.    Objection #3: Conflict between DOT and VE

Plaintiff argues that the Magistrate Judge erred in finding that the ALJ resolved a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"). Specifically, the vocational expert ("vocational expert" or "VE") thought the gas dispatcher job required "frequent" fine manipulation, while the DOT reported "occasional" fine manipulation. R. 72-73, 75.

ALJs are required to identify and resolve conflict between a vocational expert's testimony and the DOT. Pearson v. Colvin, 810 F.3d 204, 208 (4th Cir. 2015). However, an ALJ "may not rely on evidence provided by a VE, . . . if that evidence is based on underlying assumptions or definitions that are inconsistent with . . . regulatory policies or definitions." SSR 00-4P (S.S.A.), 2000 WL 1898704, at *3 (Dec. 4, 2000). An ALJ may resolve apparent conflicts through the use of interrogatories, and the

Case 1:19-cv-00070-TSK-RWT   Document 23   Filed 09/14/20   Page 10 of 12   PageID #: 893

**NUTTER V. COMMISSIONER OF SOCIAL SECURITY**                               **1:19-CV-70**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 20], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 21],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15],
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12]**

responding explanation can serve as substantial evidence. Pearson, 810 F.3d at 210 n.4. An ALJ's decision can be upheld by a reviewing court only if the explanation is reasonable and provides a basis for relying on the DOT. Id. at 210.

Here, according to the hearing transcript, the vocational expert acknowledged that someone who could not do constant fine manipulation with their left hand could still perform the duties of a gas dispatcher. The following exchange took place during the hearing in front with the ALJ:

> ALJ: So, the hypothetical was that work should not require constant, overhead reaching with the left arm and shoulder, or constant, fine manipulation with the left hand. In addition to the other –
>
> VE: Oh, I'm sorry, Judge. Let me research it. Then they can do the past work of a dispatcher.
>
> ALJ: And if I were to change it to say occasional fine manipulation with the left hand, and that's changing the prior hypothetical, now what would your response be?
>
> VE: My response would be by the DOT with the occasional could do it. As I've observed it, could not. I think it would be frequent.

R. 73. In her decision, the ALJ provided the following reasons for resolving the conflict:

> In comparing the claimant's residual functional capacity with the physical and

10

Case 1:19-cv-00070-TSK-RWT Document 23 Filed 09/14/20 Page 11 of 12 PageID #: 894

NUTTER V. COMMISSIONER OF SOCIAL SECURITY                1:19-CV-70

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 21], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12]**

> mental demands of this work, the undersigned finds that the claimant is able to perform the job of Dispatcher it as actually and generally performed. In so concluding, **the Administrative Law Judge has considered the January 2018 hearing testimony of the impartial vocational expert, in which he indicated that this job does not require the performance of work related activities precluded by the residual functional capacity**. Further, this job could be performed by the claimant as he had previously performed it, as it was performed at a sedentary level of physical exertion and could be performed with the additional non-exertional restrictions indicated in the prescribed residual functional capacity. (SSR-00-4P). Additionally, the claimant has no mental impairment that would limit his mental ability to perform the duties of this job.
>
> **Pursuant to SSR 00-4p and *Pearson v. Colvin* (No. 14-2255), the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles**, **except for any possible variances not addressed in the DOT.** In this respect, the undersigned has determined that the vocational expert's testimony is based upon his professional experience.

R. 30 (emphasis added).

For these reasons, the Magistrate Judge was correct in finding that the ALJ, by asking questions at the hearing, properly identified and resolved the conflict.

Case 1:19-cv-00070-TSK-RWT   Document 23   Filed 09/14/20   Page 12 of 12   PageID #: 895

**NUTTER V. COMMISSIONER OF SOCIAL SECURITY**                    **1:19-CV-70**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 21], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12]**

### VI.  CONCLUSION

The Court reviewed the remainder of the R&R for clear error and found none. For the reasons discussed above, Plaintiff's objections are **OVERRULED**. The Court **ADOPTS** the R&R in full. Defendant's Motion for Summary Judgment is **GRANTED** [ECF No. 15]. Plaintiff's Motion for Summary Judgment is **DENIED** [ECF No. 12]. This action is **STRICKEN** from the Court's active docket.

The Clerk is instructed to enter a separate judgment order and to transmit copies of this Memorandum Opinion and Order to counsel of record.

It is so **ORDERED**.

DATED: September 14, 2020

                                            /s/ Thomas S. Kleeh
                                            THOMAS S. KLEEH
                                            UNITED STATES DISTRICT JUDGE